UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAMES LEE HARRIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06CV00027 ERW |
| ) | |
| LISA HENNEBERRY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Defendants Lisa Henneberry, Keith Friesz, Richard Holtzclaw, and James Gammon's ("Defendants") Motion to Dismiss Plaintiff's Complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6). [doc. # 13].

**I.   BACKGROUND FACTS**

Plaintiff is currently incarcerated at Farmington Correctional Center in Farmington, Missouri, he was an inmate at Moberly Correctional Center ("MCC") in Moberly, Missouri during the times at issue in this suit. MCC is a penitentiary within the Missouri Department of Corrections. Plaintiff alleges that while he was in custody at MCC, Defendants Correctional Officers ("C.O.") Lisa Henneberry and Keith Friesz, Defendant Correctional Sargent Richard Holtzclaw, and Defendant MCC Superintendent James Gammon subjected Plaintiff to cruel and unusual punishment in violation of Plaintiff's Fourth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution. Plaintiff also alleges various tortious conduct by the

1

Defendants.

Two incidents form the bases of Plaintiff's claims. The first incident involved Defendant Henneberry allegedly throwing hot coffee on Plaintiff and making certain racially charged comments to Plaintiff. The second incident involved Defendant Friesz allegedly harassing and intimidating Plaintiff after Plaintiff filed a grievance against Defendant Henneberry in the wake of the first incident.

On December 28, 2005, Plaintiff claims that Defendant Henneberry was escorting Plaintiff back to his cell after a recreation session. Upon reaching Plaintiff's cell, Defendant Henneberry grasped Plaintiff by the arm and pushed him into his cell causing Plaintiff discomfort. Defendant Henneberry also referred to Plaintiff using racially charged terms. Defendant Henneberry then left Plaintiff's cell and closed the door behind her. Plaintiff asked Defendant Henneberry to open the door flap, Defendant Henneberry responded by telling Plaintiff to be quiet. Plaintiff further alleges that Defendant Henneberry then opened the door flap, threw hot coffee in Plaintiff's face, and said, "[t]hat's for what you did to me at [Jefferson City Correctional Center], . . ., it will go along with your skin so nobody will notice it." Plaintiff claims the hot coffee caused him great pain and discomfort. Subsequently, Defendant Sargent Holtzclaw approached Plaintiff's cell to offer Plaintiff a fresh shirt and to instruct Plaintiff to clean himself. Plaintiff requested medical treatment and that action be taken to protect inmates from Defendant Henneberry. Plaintiff alleges both Defendants Henneberry and Holtzclaw denied Plaintiff's requests for medical attention.

Plaintiff sought administrative remediation of this incident. On January 1, 2006, Plaintiff filed an Informal Resolution Request ("IRR") summarizing the events discussed above. In his

IRR, Plaintiff alleged Defendant Henneberry threw coffee in his face and made racial slurs towards him. In that IRR, Plaintiff also alleged both Defendant Henneberry and Sgt. Holtzclaw denied Plaintiff's requests for medical treatment for his eye. Unsatisfied with the outcome of his IRR, Plaintiff filed a Grievance repeating the allegations of the IRR. Dissatisfied with the dismissal of his Grievance, Plaintiff filed a Grievance Appeal which contained allegations only of Henneberry throwing coffee on Plaintiff, but did not mention denied access to medical treatment.

On January 12, 2006, Plaintiff says that he awoke in the night experiencing difficulty with his eye. Plaintiff requested, and this time received, medical attention. A physician diagnosed Plaintiff with an eye infection most likely caused by recent trauma or foreign matter. Plaintiff was given a prescription for antibiotics. As of the date he filed his Complaint in the instant action, Plaintiff was still experiencing blurred vision in the affected eye.

On December 30, 2005, Defendant Friesz approached Plaintiff's cell and asked Plaintiff whether Plaintiff planned to "write up" Defendant Henneberry, in reference to the coffee throwing incident. When Plaintiff answered in the affirmative, Defendant Friesz threatened to "make [Plaintiff's] time in the hole very, very miserable." *Pl. Complaint*, ¶17. Defendant Friesz also threatened Plaintiff that he would search his cell and intimated that he might find contraband.

As in the first incident, Plaintiff also sought administrative redress for the alleged harassment and intimidation by C.O. Friesz. Plaintiff filed an IRR, a Grievance, and Grievance Appeal. Unsatisfied with the administrative response, Plaintiff filed this action against Defendants.

## II.  PROCEDURAL BACKGROUND

On April 26, 2006, Plaintiff James Lee Harris, Jr. filed suit against all named individual

3

Defendants as well as Defendant Moberly Correctional Center. On June 12, 2006, this Court dismissed, without prejudice, Plaintiff's claims against MCC, pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Plaintiff's Complaint contains six counts relating to the conditions of his confinement at MCC.[2] Count I alleges all Defendants subjected Plaintiff to cruel and unusual punishment in violation of his rights under the Eighth Amendment of the United States Constitution.[3] Counts II–V involve various state law tort claims, including claims of negligent training and supervision. Count VI raises no additional claims, but rather is a request for costs and fees in Plaintiff's 42 U.S.C. § 1983 claim, pursuant to 42 U.S.C. § 1988. On August 14, 2006, Defendants filed a Motion to Dismiss all counts for failure to state a claim upon which relief can be granted under Federal Rule 12(b)(6), arguing Plaintiff failed to exhaust administrative

---

[1]Section 1915(e)(2)(B) allows a court to dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A state and its state agencies, like the MCC, are not "persons" for purposes of a § 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Consequently, this Court ruled Plaintiff's claims against MCC where either legally frivolous or failed to state a claim upon which relief may be granted or both. [doc. # 7].

[2]The Court numbers the Counts according to the order in which they appear in the Complaint since the numbering assigned by Plaintiff is not sequential.

[3]Plaintiff also alleges violations of his Fourth, Sixth, and Fourteenth Amendment rights, however, his claims sound properly under the Eighth Amendment as conditions of confinement claims. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Plaintiff has alleged no facts which state a claim under the Fourth, Sixth, or Fourteenth Amendments. The Fourth Amendment relates to an inmate's limited right to be free from unreasonable searches and seizures. *See Hill v. McKinley*, 311 F.3d 899, 903–04 (8th Cir. 2002). The Sixth Amendment guarantees the right to legal counsel. *Bumgarner v. Bloodworth*, 768 F.2d 297, 300 (8th Cir. 1985). The Fourteenth Amendment, like the Eighth Amendment, applies to conditions of confinement, however, the former applies to pretrial detainees and the latter to imprisoned convicts. *Kahle v. Leonard*, ---F.3d----, No. 06-2485, 2007 WL 438769, at *3 (8th. Cir. 2007); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).

remedies under the PLRA, and claiming Eleventh Amendment immunity from suits against Defendants in their official capacities.

## III. LEGAL STANDARD

The standard for motions to dismiss is well established. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *See Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *See Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *See Schuer v. Rhodes*, 416 U.S. 232, 236 (1976) (Overruled on other grounds, see *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

## IV. DISCUSSION

Before the court may reach the merits, it must satisfy itself that it has jurisdiction over the

subject matter of the case. *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Arkansas AFL-CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc); *see also Int'l Ass'n of Fire Fighters v. City of Clayton*, 320 F.3d 849, 850 (8th Cir. 2003) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)) ("The federal courts are under an independent obligation to examine their own jurisdiction."). The court may dismiss an action *sua sponte* at any time when subject matter jurisdiction is lacking. *Int'l Ass'n of Fire Fighters*, 320 F.3d at 850; *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Jurisdictional issues are properly decided in the context of a Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction rather than pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Brown v. U.S.*, 151 F.3d 800, 803–04 (8th Cir. 1998). When the parties misidentify a motion which raises issues of subject matter jurisdiction, the court should treat the motion as though it had been properly identified. *Ringsred v. City of Duluth*, 187 F. Supp. 2d 1141, 1153 (D.Minn. 2001), *aff'd,* 39 Fed. Appx. 480 (8th Cir. 2002), *cert. denied*, 537 U.S. 1107 (2003). The district court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *Deuser v. Vecera*, 139 F.3d 1190, 1192 n.3 (8th Cir. 1998) (quoting *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir. 1993); *Maruska v. United States*, 77 F.Supp.2d 1035, 1037 n.2 (D.Minn. 1999)). The Court notes that both mootness and sovereign immunity are threshold jurisdictional issues, and therefore should be addressed first, and will be treated as a Rule 12(b)(1) motion. *Arkansas AFL-CIO*, 11 F.3d at 1435 (noting Article III of the United States Constitution limits jurisdiction of federal courts to actual cases and controversies, when issues become moot there is no longer any case or

controversy to be decided); *see also Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir. 2001); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99–100 (1984); *Brown*, 151 F.3d at 804 ("Because the sole issue decided by the district court was . . . a jurisdictional question-the district court should have viewed the motion as a 12(b)(1) motion for dismissal for want of subject matter jurisdiction.").

### A. Mootness

Claims for equitable relief are moot when circumstances change to such a degree that "a federal court can no longer grant effective relief." *Beck v. Mo. State High School Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam). The Eighth Circuit has held that a prisoner's claims for equitable relief against prison officials are moot when the prisoner has been transferred to a facility outside of the officials' control. *Randolph*, 253 F.3d at 345; *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978). In *Randolph*, the court dismissed such claims for want of jurisdiction. 253 F.3d at 345–46. However, the court allowed the plaintiff to proceed on his claims for injunctive relief against the director of the Missouri Department of Corrections (MDOC) reasoning that relief granted against the director would have effect no matter where plaintiff was housed within the MDOC system, since the director has statewide authority. *Id.* at 346. Additionally, even though a plaintiff has been transferred to a new facility, he may still proceed in his claims for monetary damages against officials in the former facility, as those claims are not mooted by Plaintiff's transfer. *Martin*, 780 F.2d at 1337 (citing *Wycoff*, 572 F.2d at 1261).

In the instant case, Plaintiff seeks monetary damages and equitable relief against all Defendants. Defendants Henneberry, Friesz, and Holtzclaw are all correctional officers at MCC

7

where the events which are the subject of this suit occurred. Defendant Gammon is the superintendent of that facility. Since filing this action Plaintiff has been transferred from MCC and is now incarcerated at Farmington Correctional Center in Farmington, Missouri. Consequently, Plaintiff's claims for equitable relief against all defendants are moot and should be dismissed. *See Beck*, 18 F.3d at 605 ("During the course of litigation, the issues presented in a case may lose their life because of the passage of time or a change in circumstances. When this happens and a federal court can no longer grant effective relief, the case is moot. (citing *Arkansas AFL-CIO*, 11 F.3d at 1435)). Plaintiff's claims for monetary damages, however, are not moot and may proceed so long as they are not subject to some other bar to recovery. *See Martin*, 780 F.2d at 1337.

B.      **Eleventh Amendment Immunity**

Eleventh Amendment sovereign immunity is a jurisdictional bar which protects the states and their agencies from suits in federal court. *Pennhurst*, 465 U.S. at 99–100. Section 1983 does not abrogate this immunity. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Quern v. Jordan*, 440 U.S. 332 (1979); *Alabama v. Pugh*, 438 U.S. 781 (1978)). Nevertheless, plaintiffs may seek prospective injunctive relief against a state, its agencies, and its officers when sued in their official capacities to prevent continuing or future violations of the Constitution or other federal law without running afoul of the Eleventh Amendment. *Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005); *see also Papasan v. Allain*, 478 U.S. 265, 278 (1986). Section 1983 damage claims brought against state officers in their official capacities are barred "either by the Eleventh Amendment, or because in these capacities they are not 'persons' for § 1983 purposes.'" *Murphy*, 127 F.3d at 754 (citing *Will v.*

8

*Michigan Dept. of State Police*, 491 U.S. 58 (1989)). However, the Eleventh Amendment does not bar claims for damages or injunctive relief brought against state officers in their individual capacities. *Murphy*, 127 F.3d at 754 ("[T]he Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities."); *Thomas v. Gunter*, 32 F.3d 1258, 1261–62 (8th Cir. 1994) (allowing prisoner plaintiff to proceed on equitable claims against state officials sued in their individual capacities). Finally, the Eleventh Amendment bars all suits brought in federal court against a state, its agencies, and its officers acting in their official capacities, regardless of relief sought, when the claims are based on violations of state law. *Treleven v. University of Minnesota*, 73 F.3d 816, 819 n.4 (8th Cir. 1996) (citing *Pennhurst*, 465 U.S. at 106). As discussed in the preceding section, Plaintiff's claims for equitable relief, against all Defendants, are moot. Therefore, the Court must only consider whether the Eleventh Amendment bars Plaintiff's remaining damage claims.

Plaintiff has sued Defendants Henneberry, Friesz, and Holtzclaw in both their individual and official capacities. Defendant Superintendent Gammon, however, was sued in his official capacity only. Under *Murphy* and *Treleven*, Plaintiff's damage claims against Defendant Gammon are barred by the Eleventh Amendment. *Murphy*, 127 F.3d at 754; *Treleven*, 73 F.3d at 819 n.4. Likewise, Plaintiff's damage claims against Defendants Henneberry, Friesz, and Holtzclaw are also barred to the extent that they are being sued in their official capacities. Since no claims remain against Defendant Gammon, he is dismissed from this action. The Eleventh Amendment, however, does not bar Plaintiff's damage claims against Defendants Henneberry, Friesz, and Holtzclaw in their individual capacities. *Murphy*, 127 F.3d at 754; *Thomas*, 32 F.3d at 1261–62.

Lastly, the Court must consider the state law claims alleged in Counts II-V of the

9

complaint. Count II alleges Negligence by Defendant Holtzclaw, Count III alleges Negligence and Intentional Infliction of Harm by Defendant Henneberry, Count IV alleges Negligence by Defendant Friesz, and Count V alleges Negligent Training and Supervision against Defendant M.C.C. All counts against Defendant M.C.C. were dismissed in this Court's prior order and therefore need not be addressed here. As the Supreme Court noted in *Pennhurst*, the "need to reconcile competing interests is wholly absent. . . when a plaintiff alleges that a state official has violated state law. In such a case the entire basis for the doctrine of *Young* and *Edelman* disappears." 465 U.S. at 106. The reasoning of *Young* and *Edelman*, referenced by the Supreme Court was to allow a suit against the states for violation of the constitution for prospective relief, but to disallow retroactive relief. *Id*. at 105. The Court goes on to state that a "federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* at 106. Therefore, on the basis of sovereign immunity, Counts II, III, and IV, against Defendants Holtzclaw, Henneberry, and Friesz, respectively, are dismissed.

    **C.**    **Failure to Exhaust.**

Defendants further argue that the Plaintiff has failed to exhaust his administrative remedies and therefore the suit should be dismissed pursuant to § 1997e(a) of the PLRA. 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a). The Plaintiff responds that he filed the appropriate IRR forms, he then filed Grievances, and Grievance Appeals, in accord with the penitentiary's grievance procedure. The issue raised by all Defendants on the question of exhaustion, is the failure of the Plaintiff to name specifically each claim against each Defendant at every stage of the administrative remedies process. Defendants argue proper exhaustion requires each defendant be named at each step of the administrative process and that Plaintiff's failure to mention Defendant Gammon in either series of IRR's, Grievances, or Grievance Appeals means Plaintiff's claims against Gammon are not exhausted. Furthermore, Defendants argue failure to exhaust as to one defendant requires dismissal of all claims against all defendants, even those to whom the claims are fully exhausted. While such a result may have obtained at the time the Motion to Dismiss was filed, it does not necessarily obtain today in light of the recent United States Supreme Court decision in *Jones v. Bock*, 127 S.Ct. 910 (2007).

It is clear, that under the PLRA, exhaustion of administrative remedies is mandatory, and therefore the failure of a prisoner to exhaust such remedies warrants dismissal. *Jones v. Bock*, 127 S.Ct. 910, 918–19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("The Supreme Court further addressed the issue of exhaustion under section 1997e(a) in *Porter*, holding that exhaustion is now mandatory." (Citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Although the plaintiff is required to exhaust, it is the defendant who has the burden of pleading and proving exhaustion, as it is an affirmative defense. *Jones*, 127 S.Ct. at 919; *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001) ("[W]e recognize that reliance upon the PLRA exhaustion requirement is an affirmative defense. . ..."). However, as noted by the

Supreme Court, "this is not to say that failure to exhaust cannot be the basis for dismissal for failure to state a claim." *Jones*, 127 S.Ct. at 921.

Both the Plaintiff and Defendants have attached copies of the IRRs, Grievances, and Grievance Appeals, completed by the Plaintiff. It is clear from reviewing these documents that the content of the administrative complaints was the alleged mistreatment and harassment of Plaintiff by correctional officers and the failure of the correctional facility to provide the Plaintiff with adequate medical attention. These are the same issues that are the subject of the instant lawsuit, and therefore the Defendants were given the opportunity to address the Plaintiff's complaints. *See Jones*, 127 S.Ct. At 923 ("We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit. . .. [N]otice to those who might later be sued . . . has not been thought to be one of the leading purposes. . ..").  Defendants' also contend that the failure to name Defendant Gammon is fatal to Plaintiff's action, as Plaintiff must exhaust against every defendant. However, the Court has already determined that Defendant Gammon should be dismissed as he was sued only in his official capacity, and in such capacity he is immune from suit.[4] Plaintiff has satisfied the PLRA exhaustion requirement with respect to each of the remaining Defendants, and therefore Plaintiff's motion to Dismiss on the basis of failure to exhaust his administrative remedies is denied.

## V. CONCLUSION

---

[4]Additionally, the Supreme Court stated that such a requirement is only permitted if mandated by the specific Prisoner Grievance Procedures. *Id.* In the present case, neither the Plaintiff nor Defendants provided the Court with these procedures, and therefore this would not be a sufficient basis for dismissal.

12

Defendants seek to dismiss the present action by asserting Plaintiff has failed to exhaust his administrative remedies, as required under the PLRA, and therefore has failed to state a claim upon which relief can be granted. Defendants further argue all claims against Defendants in their official capacities are barred by the Eleventh Amendment. As an initial matter, the Court notes that all claims under Count I alleging a violation of the Fourth, Sixth, and Fourteenth Amendments are dismissed for failure to state a claim. Furthermore, this Court finds Plaintiff's claims for equitable relief are moot as a result of Plaintiff's transfer to Farmington Correctional Center. *See Randolph*, 253 F.3d at 345. The Court further finds Plaintiff's remaining damage claims against all Defendants in their official capacities are barred by the Eleventh Amendment. *Murphy*, 127 F.3d at 754; *Trevelen*, 73 F.3d at 819 n.4. All claims against Defendants Henneberry, Friesz, and Holtzclaw for violation of state law are also dismissed as they are barred by the Eleventh Amendment. Plaintiff's damage claims against Defendants Henneberry, Friesz, and Holtzclaw, under 42 U.S.C. § 1983, in their individual capacities are not barred by the Eleventh Amendment and may proceed. *Murphy*, 127 F.3d at 754; *Thomas*, 32 F.3d at 1261–62. Since no claims remain against Defendant Superintendent Gammon, he is dismissed from this action. Defendants' argument that Plaintiff failed to exhaust his administrative remedies is unpersuasive. The Supreme Court made clear that under the PLRA the purpose of the exhaustion requirement is to place defendants on notice. The purpose was achieved in this case, and therefore Defendants motion to Dismiss on this basis is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. # 13] is **GRANTED, in part, and DENIED, in part**. It is **GRANTED** as to all claims under Count I for

violations of the Plaintiff's Fourth, Sixth, and Fourteenth Amendment rights; the only claim remaining under Count I is for a violation of 42 U.S.C. § 1983 for a violation of Plaintiff's Eighth Amendment rights against Defendants Henneberry, Friesz, and Holtzclaw, in their individual capacities. All claims under Count I are **DISMISSED** against Defendant Gammon. Defendant's Motion to Dismiss is **GRANTED** as to Counts II, III, IV, and V.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [doc. #10] is **DENIED**. Plaintiff may file an additional motion to appoint counsel along with the appropriate financial affidavits at a later date.

Dated this 14th day of March, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE